# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SHAWAN JOHNSON,

           CASE NO. 2:10-cv-927

  Petitioner,       District Judge George C. Smith
           Magistrate Judge Michael R. Merz

DONALD MORGAN,
WARDEN,

  Respondent.

# REPORT AND RECOMMENDATIONS

  This habeas corpus case brought under 28 U.S.C. § 2254 is before the Court upon transfer to the undersigned by The Honorable Elizabeth Preston Deavers (Doc. No. 9).  Petitioner pleads the following Grounds for Relief:

> **Ground One:**  The Trial Court denied Shawan Johnson his constitutional rights under the 5th, 6th, and 14th Amendments when it failed to instruct the jury on the law of Self Defense.
>
> **Ground Two:**  Shawan Johnson was denied his constitutional right to effective assitance [sic] of trial counsel when his trial counsel failed to object to the trial courts removal of jury instructions on self defense; failed to make a specific request for a self defense instruction; and by arguing self-defense in voir dire and opening statement, but then claiming accident in closing argument.

(Petition, Doc. No. 2, PageID 6-8.)  The Petition in this case was filed October 14, 2010.  On Judge Deavers' Order (Doc. No. 3), Respondent has filed a Return of Writ (Doc. No. 7).  Petitioner has not filed a traverse/reply.  The case is therefore ripe for decision.

1

**Ground One:  Failure to Instruct on Self-Defense**

In his First Ground for Relief, Petitioner asserts the trial court committed constitutional error in not instructing the jury on the affirmative defense of self-defense. This claim was raised on direct appeal to the Tenth District Court of Appeals, which decided the claim as follows:

> **[\*P34]** Appellant contends in his first assignment of error that the trial court erred by failing to instruct the jury on self-defense. We disagree.
>
> **[\*P35]** Early in the trial, appellant's counsel suggested that appellant acted in self-defense. For example, during voir dire, trial counsel questioned potential jurors about their beliefs in self-defense. (Tr. 125.) However, during his direct examination, appellant testified that "[h]e [Willis] had his finger on the trigger when he was pulling it out, so me grabbing his hand squeezed the gun, squeezed a round off." (Tr. 723-24.) He further specifically denied intentionally shooting Willis, claiming that "I said we were struggling over the gun and [Willis] may have been shot during the process." (Tr. 777.) He never testified that he purposefully shot Willis in self-defense.
>
> **[\*P36]** In light of appellant's testimony, the trial court asked whether appellant's counsel still wanted a self-defense jury instruction. Appellant's counsel essentially conceded that appellant's testimony would not support a self-defense instruction. The trial court asked appellant's counsel "[y]ou're basically abandoning the self-defense[?]" Appellant's counsel replied that "I think we're going to have to." (Tr. 810.) Later, the trial court again asked appellant's counsel about the self-defense instruction, and counsel responded that "I was talking to [appellant] just briefly that the accident was--it looks like that's what we are going to go with, the accident." (Tr. 833.) In response to a similar question from the prosecutor, appellant's counsel replied "[y]eah, I think we're just going to ask for the accident." (Tr. 835.) The trial court instructed the jury on accident, not self-defense, and appellant did not object to the instructions.
>
> **[\*P37]** As a general rule, the failure to object at trial or to request specific jury instructions waives all but plain error with respect to the jury instructions given. *State v. Hartman*, 93 Ohio St.3d 274, 289, 2001 Ohio 1580, 754 N.E.2d 1150. Where the failure to

request a jury instruction was the result of a deliberate, tactical decision of trial counsel, it does not constitute plain error. *State v. Riley*, 10th Dist. No. 06AP-1091, 2007 Ohio 4409, P5, citing *State v. Clayton* (1980), 62 Ohio St.2d 45, 47-48, 402 N.E.2d 1189.

**[*P38]** Here, appellant's counsel withdrew his request for a self-defense instruction and instead sought an accident instruction after appellant testified that Willis was shot as appellant struggled with Willis over the gun. Appellant's testimony was consistent with an accident defense and arguably inconsistent with self-defense. Thus, it is clear that counsel's decision to forgo the self-defense instruction was a deliberate, tactical decision. Therefore, we reject appellant's claim that the trial court's failure to give a self-defense instruction constituted plain error.

**[*P39]** Moreover, the defenses of accident and self-defense are mutually exclusive concepts. *State v. Wiley*, 10th Dist. No. 03AP-340, 2004 Ohio 1008, P25; *State v. Lust*, 10th Dist. No. 04AP-123, 2004 Ohio 6253, P23; *State v. Champion* (1924), 109 Ohio St. 281, 286-87, 2 Ohio Law Abs. 68, 2 Ohio Law Abs. 87, 142 N.E. 141. An accident is an event that occurs unintentionally, without purpose. *State v. Powell*, 176 Ohio App.3d 28, 2008 Ohio 1316, P24, 889 N.E.2d 1047. On the other hand, self-defense is necessarily a purposeful act. Id. Self-defense asserts a justification for the purposeful act. *Wiley* at P25.

**[*P40]** Appellant did not testify that he purposefully shot Willis. He testified that the gun accidentally went off as he struggled with Willis. In light of that testimony, appellant was not entitled to a self-defense instruction because he never alleged that he purposely shot Willis in self-defense. *State v. Florence*, 2d Dist. No. 20439, 2005 Ohio 4508, P50 (finding that trial court properly refused to instruct on mutually exclusive defenses of accident and self-defense where defendant testified to shooting victim accidentally, not purposefully).

**[*P41]** For all these reasons, the trial court did not plainly err by not instructing the jury on self-defense. Therefore, we overrule appellant's first assignment of error.

*State v. Johnson*, 2009 Ohio 3383, ¶¶ 34-41, 2009 Ohio App. LEXIS 2956 (Ohio App. 10th Dist. July 9, 2009).

The Warden asserts that this First Ground for Relief is procedurally defaulted by trial

request a jury instruction was the result of a deliberate, tactical decision of trial counsel, it does not constitute plain error. *State v. Riley*, 10th Dist. No. 06AP-1091, 2007 Ohio 4409, P5, citing *State v. Clayton* (1980), 62 Ohio St.2d 45, 47-48, 402 N.E.2d 1189.

**[*P38]** Here, appellant's counsel withdrew his request for a self-defense instruction and instead sought an accident instruction after appellant testified that Willis was shot as appellant struggled with Willis over the gun. Appellant's testimony was consistent with an accident defense and arguably inconsistent with self-defense. Thus, it is clear that counsel's decision to forgo the self-defense instruction was a deliberate, tactical decision. Therefore, we reject appellant's claim that the trial court's failure to give a self-defense instruction constituted plain error.

**[*P39]** Moreover, the defenses of accident and self-defense are mutually exclusive concepts. *State v. Wiley*, 10th Dist. No. 03AP-340, 2004 Ohio 1008, P25; *State v. Lust*, 10th Dist. No. 04AP-123, 2004 Ohio 6253, P23; *State v. Champion* (1924), 109 Ohio St. 281, 286-87, 2 Ohio Law Abs. 68, 2 Ohio Law Abs. 87, 142 N.E. 141. An accident is an event that occurs unintentionally, without purpose. *State v. Powell*, 176 Ohio App.3d 28, 2008 Ohio 1316, P24, 889 N.E.2d 1047. On the other hand, self-defense is necessarily a purposeful act. Id. Self-defense asserts a justification for the purposeful act. *Wiley* at P25.

**[*P40]** Appellant did not testify that he purposefully shot Willis. He testified that the gun accidentally went off as he struggled with Willis. In light of that testimony, appellant was not entitled to a self-defense instruction because he never alleged that he purposely shot Willis in self-defense. *State v. Florence*, 2d Dist. No. 20439, 2005 Ohio 4508, P50 (finding that trial court properly refused to instruct on mutually exclusive defenses of accident and self-defense where defendant testified to shooting victim accidentally, not purposefully).

**[*P41]** For all these reasons, the trial court did not plainly err by not instructing the jury on self-defense. Therefore, we overrule appellant's first assignment of error.

*State v. Johnson*, 2009 Ohio 3383, ¶¶ 34-41, 2009 Ohio App. LEXIS 2956 (Ohio App. 10th Dist. July 9, 2009).

The Warden asserts that this First Ground for Relief is procedurally defaulted by trial

counsel's failure to object to the omission of the self-defense instruction at the time the jury instructions were given (Return of Writ, Doc. No. 7, PageID 42-45.)

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02

(6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Applying the *Maupin* analysis, the Magistrate Judge first notes that Ohio does have a relevant procedural rule, the contemporaneous objection rule, which requires that an objection be made when error is committed so that it can be corrected before it further infects the trial process. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). As shown by the above quotation from the appellate opinion, that rule was enforced against Petitioner. The Sixth Circuit has recently and repeatedly held that rule to be adequate and independent. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012)(*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See*

5

also *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

In his Second Ground for Relief, Petitioner argues he received ineffective assistance of trial counsel when his counsel failed to make a contemporaneous objection to the omission of a self-defense instruction.  Ineffective assistance of trial counsel can serve to excuse a procedural default, but a petitioner must establish that ineffective assistance under usual federal standard as established in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

The court of appeals' opinion establishes why there was no ineffective assistance of trial counsel as regards this jury instruction.  Petitioner's own testimony precluded a finding of self-defense because he claimed the shot that killed Willis was accidentally discharged when he struggled with Willis to prevent him from drawing his weapon.  Under Ohio law, as explained by the Tenth District, self-defense and accident are mutually exclusive defenses.  Far from being

deficient in his performance, defense counsel did the best he could, given his client's testimony that the shooting was an accident, rather than intentional.

Because there was no excusing ineffective assistance of trial counsel and the failure to make a contemporaneous objection is a procedural default properly held against Petitioner by the court of appeals, his First Ground for Relief is without merit and should be dismissed with prejudice.

### Ground Two:  Ineffective Assistance of Trial Counsel

In his Second Ground for Relief, Petitioner argues his trial attorney was ineffective in three respects:  (1) failure to object to the trial judge's failure to give a self-defense instruction, (2) failure to specifically request a self-defense instruction, and (3) arguing self-defense in voir dire and opening, but claiming accident in closing.

The first of these sub-claims has been dealt with in the analysis of the First Ground for Relief.

Petitioner raised ineffective assistance of trial counsel as his seventh assignment of error on direct appeal.  The court of appeals decided the claim as follows:

> **[*P58]** In his seventh assignment of error, appellant contends he received ineffective assistance of counsel. Specifically, he contends trial counsel: (1) failed to object to the trial court's removal of the self-defense jury instruction; (2) failed to properly investigate the law and facts of appellant's case; (3) argued self-defense in voir dire only to claim accident in closing arguments; (4) failed to move for a mistrial or at least challenge the jurors who had learned of Davis' murder; (5) failed to properly impeach White; (6) failed to properly authenticate the 911 call; (6) failed to object to the trial court placing appellant in isolation; (7) failed to admit Davis' interview with police into evidence; (8) failed to call certain witnesses; and, (9) failed to object to references to Hogg's

pregnancy.

**[*P59]** In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674; accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 141-42, 538 N.E.2d 373. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland* at 690.

**[*P60]** In analyzing the first prong of *Strickland*, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 100 L. Ed. 83. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 1995 Ohio 104, 651 N.E.2d 965.

**[*P61]** If appellant successfully proves that counsel's assistance was deficient, the second prong of the *Strickland* test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

**[*P62]** Counsel was not deficient for failing to object to the trial court's removal of the self-defense instruction or for claiming in his closing argument that appellant acted accidentally, even though he discussed the concept of self-defense in his voir dire. As noted, appellant's trial testimony was inconsistent with a self-defense theory. Thus, trial counsel's decision to forgo self-defense and instead present an accident defense to the jury was a sound,

> strategic decision. See *State v. Burns* (Aug. 3, 2000), 8th Dist. No. 69676, 2000 Ohio App. LEXIS 3749 (counsel not ineffective for presenting accident defense, instead of self-defense, where defendant's testimony supported accident).

*State v. Johnson, supra*, at ¶¶ 58-62.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Tenth District's decision on the seventh assignment of error is entitled to deference by this Court. It applied the correct federal standard as supplied by *Strickland v. Washington, supra*., and its application is neither contrary to nor an objectively unreasonable application of *Strickland* and its progeny. Counsel had requested a self-defense instruction but was compelled to withdraw the request because Petitioner's testimony did not support a claim of self-defense. Counsel was left to argue accident, which was completely consistent with Petitioner's testimony.

Because the Tenth District's decision is entitled to complete deference from this Court, the Second Ground for Relief should be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify

to the Sixth Circuit that any appeal would not be objectively reasonable and therefore should not be permitted to proceed *in forma pauperis*.

March 21, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).