IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SHAWAN JOHNSON,

      Petitioner,

 vs.                                    Case No.:  2:10-cv-927
                                            JUDGE GEORGE C. SMITH
                                            Magistrate Judge Merz


DONALD MORGAN, WARDEN,

      Respondent.


**OPINION AND ORDER**

This habeas corpus case brought under 28 U.S.C. § 2254 is before the Court pursuant to Fed. R. Civ. P. 72(b)(3) for review of the Magistrate Judge's Report and Recommendations (Doc. No. 10) to which Petitioner has filed timely Objections (Doc. No. 11).  Respondent has not filed a response to the Objections and the time for doing so has expired.

Petitioner, who is represented by counsel, pled two Grounds for Relief, failure of the trial judge to instruct on self-defense, and ineffective assistance of trial counsel (Petition, Doc. No. 2, PageID 6-8).  The Magistrate Judge recommended that both Grounds for Relief be dismissed with prejudice (Report, Doc. No. 10, at PageID 1447, 1449).  Petitioner objects only to the proposed disposition of Ground Two, as follows:

> **Objection:** The Magistrate Judge erred when he incorrectly found that the Petitioner was not entitled to relief under Ground Two because the state court's decision was, in fact, contrary to, and involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States in *Strickland v. Washington,* 466 U.S. 668 (1984).

(Objections, Doc. No. 11, PageID 1451). Under Fed. R. Civ. P. 72(b)(3), the Court reviews *de novo* those portions of a magistrate judge's proposed disposition to which objection is made.

In this case both Grounds for Relief were presented to and decided by the Ohio Tenth District Court of Appeals on the merits. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Magistrate Judge Merz applied this standard of AEDPA deference in deciding the Second Ground for Relief (Report and Recommendations, Doc. No. 10, PageID 1449). Petitioner does not object to use of that standard.

Instead, Petitioner asserts the Magistrate Judge made three errors. The first error was in the determination that the Tenth District Court of Appeals was correct in finding that self-defense and accident are mutually exclusive defenses and that Petitioner's testimony therefore precluded a defense of self-defense. The Court's second error was in determining that trial counsel was therefore compelled to withdraw his previous argument for self-defense. And the final alleged error was in finding that the Tenth District's decision was neither contrary to nor an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and its progeny. (Objections, Doc. No. 11, PageID 1453.)

Petitioner's entire argument in his Objections focuses on Ohio law. He concedes that "[g]enerally the defense of accident and the affirmative defense of self-defense are mutually exclusive." *Id.* at PageID 1454. However, he notes that there are factual situations where both

instructions are appropriate, as when a defendant's "drawing of a weapon may be in self-defense, but the actual infliction of the mortal wound may be an accident." *Id.*, *quoting State v. Armbrust,* 42 N.E. 2d 214, 1941 Ohio App. LEXIS 889 (2nd Dist. 1941). Petitioner concedes that that is not the factual situation in this case, but contends both instructions are also required "where an accused and alleged victim physically struggle for control of a gun, and when, during the struggle, the gun accidentally discharges." (Objections, Doc. No. 11, PageID 1455), *citing State v. Marbury*, 2004 Ohio 1817, 2004 Ohio App. LEXIS 1612 (2nd Dist. 2004). The particular portion of *Marbury* relied on by Petitioner reads:

> **[P16]** Implicit in the State's argument is a view that, because a person's use of force in self-defense is necessarily a purposeful act, force that occurs accidentally doesn't qualify for self-defense. We agree with that view. However, Defendant didn't claim that he shot the victim in self-defense. Rather, he claims that he jumped into the victim's car to take his gun away in order to defend himself from being shot. The fact that the gun discharged accidentally in the course of that affray, as Defendant claims, does not negate his right to claim self-defense with respect to the force he used that led to the claimed accidental discharge.

*Id.* In *Marbury* the defendant did not ask for an "accident" instruction to accompany the self-defense instruction which was actually given. Rather, he claimed the trial court abused its discretion in failing to give a "no duty to retreat" instruction under the third prong of self-defense established by the Ohio Supreme Court in *State v. Melchior,* 56 Ohio St. 2d 15, 20-21 (1978). Thus because defendant did not request both accident and self-defense instructions, the Second District had no occasion to decide if they would have been inconsistent, given the facts in that case.

In this case the Tenth District Court of Appeals stated that "the defenses of accident and self-defense are mutually exclusive concepts." *State v. Johnson*, 2009 Ohio 3383, ¶ 39, 2009 Ohio App. LEXIS 2956 (Ohio App. 10th Dist. July 9, 2009), *citing State v. Wiley*, 2004 Ohio

1008 ¶ 25 (10th Dist. 2004); *State v. Lust*, 2004 Ohio 6253 ¶ 23 (10th Dist. 2004); and *State v. Champion*, 109 Ohio St. 281 (1924).

Whether the Tenth District Court of Appeals should have followed its own precedent and the Ohio Supreme Court's decision in *State v. Champion, supra,* or instead have followed the unpublished and distinguishable *Marbury* case is purely a question of Ohio law. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Magistrate Judge Merz had no authority to find that the Tenth District was wrong on this question of Ohio law.

Petitioner's second asserted error is the Magistrate Judge's finding that trial counsel "was compelled to withdraw the request [for a self-defense instruction] because Petitioner's testimony did not support a claim of self-defense." (Report, Doc. No. 10, PageID 1449.) On de novo review, the Court finds the word "compelled" is stronger than warranted by the Tenth District's decision. The appellate court found that "trial counsel's decision to forgo self-defense and instead present an accident defense to the jury was a sound, strategic decision." *State v. Johnson*, *supra*, at ¶ 62.

However, on reaching the ultimate question, the Court agrees with the Magistrate Judge. In finding that choosing the defense best suited to Petitioner's testimony, defense counsel made a "sound, strategic decision," the Tenth District correctly applied *Strickland*, *supra.* That case commands courts to be deferential to strategic decisions of trial counsel. To attempt to argue to a jury that the fatal shots were either self-defense or an accident would be a much less compelling argument than relying on accident alone.

Just as *Strickland* commands deference to strategic decisions of trial counsel, *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 792 (2011), commands deference to state court decisions finding trial counsel to have provided effective counsel. The Tenth District's application of Strickland was not an objectively unreasonable application of *Strickland*.

Accordingly, Petitioner's Objections are **OVERRULED** and the Magistrate Judge's Report and Recommendations are **ADOPTED**. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

*/s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**